IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE FONSECA and PAULA FONSECA,<br><br>           Plaintiff,<br>     vs.<br>CITY OF FRESNO,<br>           Defendant.<br>_____ / | CASE NO. CV F 010-147 LJO DLB<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS** (Doc. 14) |

**INTRODUCTION**

Plaintiffs Guadalupe Fonseca ("Mr. Fonseca") and his mother Paula Fonseca ("Ms. Fonseca") (collectively "plaintiffs") bring this action pursuant to 42 U.S.C. §1983 ("Section1983"), alleging violations of their federal and civil rights. In addition, plaintiffs assert several tort claims against defendant City of Fresno ("City"). City moves to dismiss plaintiffs' complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6) on several grounds. Plaintiffs failed to oppose City's motion to dismiss. This Court considered City's motion on the record, vacates the June 10, 2009 hearing pursuant to Local Rule 230(g), and issues the following order. For the following reasons, this Court GRANTS and DENIES in part City's motion and DISMISSES plaintiffs' complaint. The Court GRANTS plaintiffs leave to amend. Plaintiffs shall file an amended complaint no later than June 22, 2010.

///

# BACKGROUND[1]

On December 12, 2008, Mr. Fonseca, a Latino male with mental retardation, walked out of his house in Fresno, California to take out the trash. Unnamed City police officers and unnamed California Highway Patrol officers (collectively "law enforcement officials"), while on duty, detained and arrested Mr. Fonseca just outside the doorway to his residence for no reason and without probable cause. Mr. Fonseca alleges that the law enforcement officials did not advise Mr. Fonseca that he was under arrest and failed to issue a warning or command prior to the arrest. Ms. Fonseca observed the entire incident. She advised the law enforcement officials that Mr. Fonseca was developmentally disabled. Mr. Fonseca was unarmed and made no threats to the law enforcement officials. Notwithstanding the fact that Mr. Fonseca neither resisted them nor attempted to flee, the law enforcement officials forcibly grabbed Mr. Fonseca, slammed him to the ground, punched him, and kicked him. The law enforcement officials handcuffed Mr. Fonseca and took him into custody.

As a result of the wrongful detention, arrest, use of excessive force, failure to provide appropriate medical care, and cover-up, Mr. Fonseca suffered serious injuries. Notably, Mr. Fonseca was comatose for eight days. Despite having knowledge of his injuries, the law enforcement officers purposefully failed to report the use of force immediately, and did not seek medical attention for Mr. Fonseca. Ms. Fonseca, as a result of observing the incident, suffered a heart attack while in the hospital with the comatose Mr. Fonseca.

Based on the above, plaintiffs asserts the following claims against City:

1. Unreasonable Search and Seizure–Detention and Arrest, Section 1983;
2. Unreasonable Search and Seizure–Excessive Force and Denial of Medical Care, Section 1983;
3. Conspiracy to Violate Civil Rights, Section 1983;
4. Due Process–Conspiracy to Cover-up, Section 1983;
5. Municipal Liability for Custom, Practice, or Policy, Section 1983;
6. False Arrest;

---

[1] The facts are derived from the complaint, which this Court accepts as true in this Fed. R. Civ. P. 12(b)(6) motion. *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

7.     Battery;

8.     Negligence; and

9.     Intentional Infliction of Emotional Distress.

City moves to dismiss on May 5, 2010. Plaintiffs failed to oppose the motion to dismiss. Having considered City's arguments, plaintiffs' complaint, and the applicable law, this Court finds this motion suitable for a decision without a hearing. Accordingly, this Court vacates the June 10, 2010 hearing pursuant to Local Rule 230(g) and issues the following order.

## DISCUSSION

### Standard of Review

A Rule 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir.2008).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, – U.S. –, – 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

3

*Twombly*, 550 U.S. 554, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (internal citations omitted). Thus, "bare assertions ... amounting to nothing more than a 'formulaic recitation of the elements'... are not entitled to an assumption of truth." *Iqbal*, 129 S.Ct. at 1951 (quoted in *Moss v. United States Secret Serv.*, 2009 U.S.App. LEXIS 15694, * 14 (9th Cir.2009)).  A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir.2003) (citation omitted).

Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D.Cal.1998).  In practice, "a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984)).

With these standards in mind, this Court considers City's challenges to the complaint.

**Substantive Due Process**

Included in the second cause of action, Ms. Fonseca alleges that the law enforcement officials deprived her of her Fourteenth Amendment substantive due process rights by interfering with her familial relationship with Mr. Fonseca.  Under the Fourteenth Amendment substantive due process analysis, parents have a constitutionally-protected liberty interest in the care and custody of their children. *Santosky v. Kramer*, 455 U.S. 745, 753 (1982).  "The state's interference with that liberty interest without due process of law is remediable under 42 U.S.C. §1983." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (citation omitted) (mother who searched for child after alleged false arrest stated claim for interference with familial relationship).

Accepting the truth of the allegations, Ms. Fonseca has stated a substantive due process claim. Ms. Fonseca alleges that the law enforcement officials falsely arrested her son, wrongfully detained him, and caused him to be comatose for eight days.  Under these circumstances, Ms. Fonseca has stated a claim for interference with familial relationship. *See Lee*, 250 F.3d at 686.  Accordingly, City's motion to dismiss this claim is denied.

**Conspiracy**

Plaintiffs' third cause of action appears to allege multiple claims under the caption of "conspiracy." In support of the conspiracy claim, Plaintiffs allege that the law enforcement officials conspired to deprive them of their constitutional rights and conspired to cover up their wrongdoing. In addition, Plaintiffs allege that the law enforcement officials conspired to deprive Plaintiffs of their equal protection because of their "Latino race." To survive a motion to dismiss, however, a "mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. Los Angeles Police Dept.*, 893 F.2d 621, 626 (9th Cir. 1988). "To state a claim for conspiracy to violate constitutional rights, the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 929 (9th Cir. 2004) (quotations omitted). Here, Plaintiffs fail to plead specific facts regarding the details of the alleged conspiracy or conspiracies. Such "naked assertion[s]" without "further factual enhancement" is insufficient to state a claim. *Twombly*, 550 U.S. at 557. Accordingly, this Court dismisses Plaintiffs' conspiracy claim.

**Denial of Access to Courts**

Plaintiffs' fourth cause of action alleges that the law enforcement officials conspired to deprive them of their right of access to the courts under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. As a result of this conspiracy, Plaintiffs allege, they were forced to incur costs and expenses to investigate and prosecute their claims. Plaintiffs charge that any inability to recover on their claims will be a direct result of the actions of the officers to cover up their violations of Plaintiffs' constitutional rights.

Plaintiffs fail to state facts to support a denial of access to courts claim. As City points out, the fact that Plaintiffs filed this action suggests otherwise. Accordingly, the Court dismisses this claim.

**Municipal Liability**

A municipality cannot be liable under Section 1983 on a respondeat superior theory unless a plaintiffs' injuries were the result of a municipal "policy or custom." "[L]ocal governing bodies . . . can be sued directly under §1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Department of Social*

*Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978). "The existence of a policy, without more, is insufficient to trigger local government liability under section 1983." *Oviatt v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992). "[O]fficial policy must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Polk County v. Dodson*, 454 U.S. 312, 326, 102 S.Ct. 445 (1981) (quoting *Monell*, 436 U.S. at 694, 98 S.Ct. 2018). Thus, to establish Section 1983 municipal liability, a plaintiff must establish: (1) a violation of constitutional rights occurred; (2) a municipal policy or custom exists; (3) a causal nexus between the constitutional rights violation and the municipal custom or policy. *City of Canton v. Harris*, 489 U.S. 378, 385-86 (1989).

City argues that Ms. Fonseca fails to state a claim for municipal liability against City because she has failed to allege a constitutional violation. As this Court found above, however, Ms. Fonseca states a claim for violation of her substantive due process right to familial association. Nevertheless, this Court finds that Plaintiffs fail to plead adequately the existence of a policy or custom that existed and failed to detail a causal nexus between that policy or custom and the constitutional violation. Accordingly, this Court dismisses the municipal liability claim.

**Negligence**

To state a claim for negligence, Plaintiffs must allege that: (1) defendant had a duty to conform to a standard of conduct to protect plaintiff; (2) the defendant failed to meet this duty of care; (3) the defendant's failure was the proximate and legal cause of the resulting injury; and (4) the plaintiff was damaged. *Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917 (1996).

Unless specifically provided by statute, "a public entity is not liable for injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov. Code §815(a). Under California law, City can be held vicariously liable for the torts of an emploee. Cal. Gov. Code §815.2(a). However, a direct negligence cause of action against City, including a cause of action for negligent training and supervision, cannot be maintained because there is no existing statute providing for such liability. *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1112-15 (2004). Accordingly, this Court dismisses Plaintiffs negligence claim, based on the facts alleged, to the extent that Plaintiffs assert a direct negligence claim against City.

///

**Leave to Amend**

Under Fed.R.Civ.P. 15(a)(2), this Court generally gives leave to amend "freely" and "when justice so requires," even if the plaintiff fails to request leave to amend. This Court may, in its discretion, deny leave to amend when amendment of the claims would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir.2008). This Court grants Plaintiffs leave to amend the complaint to address the deficiencies herein identified.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. GRANTS in part and DENIES in part City's motion to dismiss;
2. DISMISSES Plaintiffs' conspiracy, denial of access to courts, municipal liability, and direct negligence claims against City;
3. GRANTS Plaintiffs leave to amend;
4. ORDERS Plaintiffs, no later than June 22, 2010, to file and serve an amended complaint; and
5. VACATES the June 10, 2010 hearing on this motion.

IT IS SO ORDERED.

Dated: **June 1, 2010**   /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE